# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LIGHTHOUSE RESCUE MISSION** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **vs.** | § | |
| | § | **JURY** |
| **NORTHFIELD INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

## INDEX OF STATE COURT MATERIALS

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | N/A | Civil Docket Sheet |
| A-2 | 05/12/2015 | Plaintiff's Original Petition and Civil Case Information Sheet |
| A-3 | 05/12/2015 | Enter Demand for Jury |
| A-4 | 05/21/2015 | File copy of citation |
| A-5 | 05/18/2015 | Plaintiff's Original Petition *(re-filed for payment of additional fees to clerk)* |
| A-6 | 06/09/2015 | Letter requesting re-issuance of citation |
| A-7 | 07/23/2015 | File copy of re-issued citation |
| A-8 | 07/29/2015 | Dismissal Hearing Notice |
| A-9 | 07/31/2015 | Letter from Texas Department of Insurance enclosing citation and petition |
| A-10 | 08/14/2015 | Defendant's Original Answer |

# Exhibit A-1

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search Back        Location : All District Civil Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-15-05397

| | | | |
|---|---|---|---|
| LIGHTHOUSE RESCUE MISSION vs. NORTHFIELD INSURANCE COMPANY et al | § § § § § | Case Type: | **INSURANCE** |
| | | Date Filed: | **05/12/2015** |
| | | Location: | **116th District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **NORTHFIELD INSURANCE COMPANY** | **WILLIAM LANCE LEWIS**<br>*Retained*<br>214-871-2100(W) |
| **DEFENDANT** | Northfield Insurance Company | |
| **PLAINTIFF** | **LIGHTHOUSE RESCUE MISSION** | **MATTHEW R PEARSON**<br>*Retained*<br>210-472-1111(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 05/12/2015 | **NEW CASE FILED (OCA) - CIVIL** |
| 05/12/2015 | **ORIGINAL PETITION** |
| | *Petition* |
| 05/12/2015 | **ISSUE CITATION COMM OF INS OR SOS** |
| 05/12/2015 | **JURY DEMAND** |
| 05/18/2015 | **REQUEST FOR SERVICE** |
| | *REQUEST FOR ADDITIONAL COPIES OF PETITION* |
| 05/21/2015 | **CITATION SOS/COI/COH/HAG** |
| | *1 CIT/DC----9214-8901-0661-5400-0059-0146-34* |
| | NORTHFIELD INSURANCE COMPANY          Unserved |
| 06/09/2015 | **REQUEST FOR SERVICE** |
| | *Request for new Citation* |
| 06/09/2015 | **ISSUE CITATION** |
| 07/10/2015 | **REQUEST FOR SERVICE** |
| | *No Fee Documents* |
| 07/23/2015 | **CITATION SOS/COI/COH/HAG** |
| | *9214 8901 0661 5400 0062 7980 26* |
| | NORTHFIELD INSURANCE COMPANY          Unserved |
| 07/29/2015 | **NOTICE OF DISMISSAL FOR WANT OF PROSECUTION** |
| | *DISMISSAL HEARING NOTICE* |
| 08/14/2015 | **ORIGINAL ANSWER - GENERAL DENIAL** |
| | *Defendant Northfield Insurance Company's Original Answer* |
| 08/25/2015 | **DISMISSAL FOR WANT OF PROSECUTION**  (3:00 PM) (Judicial Officer PARKER, TONYA) |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **PLAINTIFF** LIGHTHOUSE RESCUE MISSION | | | |
| | Total Financial Assessment | | | 523.00 |
| | Total Payments and Credits | | | 523.00 |
| | **Balance Due as of 08/17/2015** | | | **0.00** |
| 05/15/2015 | Transaction Assessment | | | 401.00 |
| 05/15/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 28126-2015-DCLK | Lighthouse Rescue Mission | (401.00) |
| 05/21/2015 | Transaction Assessment | | | 14.00 |
| 05/21/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 29608-2015-DCLK | LIGHTHOUSE RESCUE MISSION | (14.00) |
| 06/11/2015 | Transaction Assessment | | | 94.00 |
| 06/11/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 33748-2015-DCLK | LIGHTHOUSE RESCUE MISSION | (94.00) |
| 07/10/2015 | Transaction Assessment | | | 14.00 |
| 07/10/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 39923-2015-DCLK | LIGHTHOUSE RESCUE MISSION | (14.00) |

# Exhibit A-2

FILED
DALLAS COUNTY
5/12/2015 10:12:54 AM
FELICIA PITRE
DISTRICT CLERK

NO. ___DC-15-05397___                              Tonya Pointer

| | | |
|---|---|---|
| LIGHTHOUSE RESCUE MISSION | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | _____JUDICIAL DISTRICT |
| | § | |
| NORTHFIELD INSURANCE COMPANY | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs, LIGHTHOUSE RESCUE MISSION, and files this Original Petition against Defendant NORTHFIELD  INSURANCE COMPANY ("NORTHFIELD"), for causes of action and would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. VENUE

2.      Venue is appropriate in Dallas County, Texas because all or part of the conduct giving rise to the causes of action was committed in Dallas County, Texas and Plaintiff and the property which is the subject of this suit are located in Dallas County, Texas.

### III. PARTIES

3.      Plaintiff resides in Dallas County, Texas.

4.      Defendant Northfield is in the business of insurance in the State of Texas.  The insurance business done by Northfield in Texas includes, but is not limited to, the following:

• 	The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant, Northfield Insurance Company may be cited with process by *Certified Mail Return Receipt Requested* through the Texas Department of Insurance located at 333 Guadalupe Street, Austin Texas 78714. The Texas Department of Insurance may forward process via certified mail, return receipt requested to Defendant in c/o its attorney for service, registered agent and/or its company officer.

## IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's property. Plaintiff seeks damages for breach of contract, violations of the Texas Insurance Code, violations of the Deceptive Trade Practices Act, and common law bad faith. Plaintiff also seeks its attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.

## V. BACKGROUND FACTS

The property is located at 402 East Church Street, Grand Prairie, Texas 75050. The property is covered by a policy, numbered WS204705 of insurance which Northfield sold to Plaintiff (the "Policy"). The Policy covered the property against loss by hail, wind and water damage, among other perils.

2

As a consequence of a storm Plaintiff's property sustained extensive damage.

Plaintiff has performed all conditions precedent to recovery under the Policy. Plaintiff gave timely notice to the carrier.

The carrier assigned the claim to an adjusting company, among others, to investigate, report on and adjust the loss.

Defendant has failed and refused to pay Plaintiff in accordance with its promises under the Policy.

Plaintiff has suffered property damage which has not been paid, even though the amounts are well-established and have been provided to Defendant.

Defendant has failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to the Plaintiff under the Policy is without dispute. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(2)(A).

Defendant has failed to explain the reasons for its offer of an inadequate compensation. Defendant has failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy. This conduct violates Tex. Ins. Code Sec. 541.060(a)(3).

Defendant has failed to affirm or deny coverage within a reasonable time. Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(4).

Defendant refused to fully compensate Plaintiff under the terms of the Policy even though Defendant failed to conduct a reasonable investigation. Defendant performed a result-oriented

investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(7).

Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.055.

Defendant failed to accept or deny Plaintiff's full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

Defendant forced Plaintiff to file this suit by offering substantially less than the amount of covered damages. This conduct violates Texas Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

Defendant failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is a violation of Tex. Ins. Code Sec. 542.058.

## VI. CLAIMS AGAINST NORTHFIELD INSURANCE COMPANY

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Defendant and its agents constitute a breach and/or anticipatory breach of Defendant's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of

contract against Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.

2. Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

3. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which his liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle his claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by Defendant, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to

Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.  Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Defendant has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

**Violations of the Texas Deceptive Trade Practices Act.**  Plaintiff re-alleges the foregoing paragraphs.  At all times pertinent, Plaintiff were a "consumer" as defined in Section 17.45(4) of the Texas Business and Commerce Code, the Texas Deceptive Trade Practice Act ("DTPA").

Defendant and its agents violated provisions of the DTPA, including the following:

- violations of Texas Insurance Code as set forth above;

- representing that the Policy had benefits which it did not have;

- representing that the Policy conferred or involved rights and remedies that it did not have;

- promulgating and selling a Policy which is essentially worthless, provides little or no coverage, and is illusory;

- misrepresenting the terms of an agreement;

- representing that the Policy had characteristics, standards, or coverage which it did not have;

- failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiff into purchasing the Policy; and/or

- engaging in an unconscionable act or course of action.

The deceptive acts and practices as alleged herein were committed in connection with Plaintiff's purchase of and claim under the Policy. Plaintiff relied on the false, misleading and deceptive acts and practices as above alleged to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiff.  As a result of the foregoing conduct,

Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.

One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiff will seek treble damages pursuant to DTPA Section 17.50(b)(1).

**"Common Law Bad Faith."** Plaintiff re-alleges the foregoing paragraphs. Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, Defendant has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff are entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to his property as a result of Defendant's refusal to honor the Policy. Defendant is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

**Attorney's fees.** Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and have agreed to pay his attorneys a reasonable fee for services expended and to be expended in the prosecution of his claims against Defendant through the trial court and all levels of the appellate process. Plaintiff seeks the recovery of all of his attorney's fees and expenses.

With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

## VII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## VIII. JURY DEMAND

Plaintiff request that a jury be convened to try the factual issues in this action.

## IX. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant provide the information required in a Request for Disclosure.

## X. REQUEST FOR PRODUCTION NORTHFIELD INSURANCE COMPANY

Produce Northfield's complete claim file for Plaintiff's property relating to or arising out of any damage which occurred.

Produce all emails, notes, and other forms of communication between Northfield, its agents, Adjusters, employees, or representatives relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

## XI. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.      The Court's declaration that the Policy provides coverage for the damage to the property, less only a deductible;

B.      Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.     Damages against Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.     Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

E.     Damages against Defendant for other violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

F. Damages against Defendant for violations of the Texas Deceptive Trade Practices Act, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

G. Damages against Defendant for breach of the duty of good faith and fair dealing, including actual damages, consequential damages, punitive damages and pre- and post-judgment interest; and

H.  Plaintiff also seeks all other financial relief and rulings to which they may be legally or equitably entitled.


Respectfully submitted,


_____
MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@gplawfirm.com
JONATHAN C. LISENBY
State Bar No. 24072889
jlisenby@gplawfirm.com
GRAVELY & PEARSON, L.L.P.

425 Soledad, Suite 600
San Antonio, Texas  78205
Telephone:  (210) 472-1111
Facsimile:    (210) 472-1110

**ATTORNEYS FOR PLAINTIFFS**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED  Lighthouse Rescue Mission v. Northfield Insurance Company

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Matthew R. Pearson | Email:<br><br>mpearson@gplawfirm.com | Plaintiff(s)/Petitioner(s):<br><br>Lighthouse Rescue Mission | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br><br>425 Soledad Street, Ste 600 | Telephone:<br><br>210-472-1111 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>San Antonio, Texas 78205 | Fax:<br><br>210-472-1110 | Defendant(s)/Respondent(s):<br><br>Northfield Insurance Company | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:<br><br>*[signature]* | State Bar No:<br><br>00788173 | *[Attach additional page as necessary to list all parties]* | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☒Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>  Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>  List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br><br><br><br><br>**Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case):***

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

# Exhibit A-3

FILED
DALLAS COUNTY
5/12/2015 10:12:54 AM
FELICIA PITRE
DISTRICT CLERK

FELICIA PITRE

DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-15-05397

LIGHTHOUSE RESCUE MISSION

vs. NORTHFIELD INSURANCE COMPANY

116th District Court

# <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: PLAINTIFF

FEE PAID: $30

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

# Exhibit A-4

FORM NO. 353-4—CITATION

~~THE STATE OF TEXAS~~

CERT MAIL (C0)H

CITATION

No.: DC-15-05397

LIGHTHOUSE RESCUE MISSION
VS.
NORTHFIELD INSURANCE COMPANY

ISSUED
ON THIS THE 21ST DAY OF MAY, 2015

To:   NORTHFIELD INSURANCE COMPANY
      BY SERVING THE TEXAS DEPARTMENT OF INSURANCE
      333 GUADALUPE ST
      AUSTIN TX 78701-3938

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Dallas, Texas 75202.

By **DIANNE COFFEY**, Deputy

Attorney for : Plaintiff
MATTHEW R PEARSON
GRAVELY & PEARSON LLP
425 SOLEDAD SUITE 600
SAN ANTONIO       TX  78205
210-472-1111

Said **PLAINTIFF** being **LIGHTHOUSE RESCUE MISSION**

Filed in said Court 12th day of May, 2015 against
**NORTHFIELD INSURANCE COMPANY**

For suit, said suit being numbered   **DC-15-05397**  the nature of which demand is as follows:
Suit On  **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 21st day of May, 2015**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
          DIANNE COFFEY

DALLAS COUNTY CONSTABLE

FEES
PAID

FEES NOT
PAID

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-15-05397

Court No: 116th District Court

Style: LIGHTHOUSE RESCUE MISSION
vs.
NORTHFIELD INSURANCE COMPANY

Received this Citation the _____ day of _____, 20 ___ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 ___, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20 ___ at _____ o'clock ___.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 ___, at _____ o'clock ___.M. by summoning the within named Corporation, _____ by delivering to _____ President – Vice President – Registered Agent - in person, of the said _____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: _____ To certify which witness by my hand.

For Serving Citation $ _____   Sheriff _____
For Mileage $ _____   County of _____
For Notary $ _____   State of _____
Total Fees $ _____   By _____

(Must be verified if served outside the State of Texas)
State of _____
County of _____
Signed and sworn to me by the said _____ before me this _____ day of _____, 20 ___, to certify which witness my hand and seal of office.

State & County of _____

Seal

9214-8901-0901-5400-0059-0146-34

# Exhibit A-5

FILED
DALLAS COUNTY
5/18/2015 4:02:19 PM
FELICIA PITRE
DISTRICT CLERK

FILED
DALLAS COUNTY
5/12/2015 10:12:54 AM
FELICIA PITRE
DISTRICT CLERK

NO. _____   DC-15-05397

Lantz Sandra          Tonya Pointer

| | | |
|---|---|---|
| LIGHTHOUSE RESCUE MISSION | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | _____JUDICIAL DISTRICT |
| | § | |
| NORTHFIELD INSURANCE COMPANY | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs, LIGHTHOUSE RESCUE MISSION, and files this Original Petition against Defendant NORTHFIELD  INSURANCE COMPANY ("NORTHFIELD"), for causes of action and would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. VENUE

2.      Venue is appropriate in Dallas County, Texas because all or part of the conduct giving rise to the causes of action was committed in Dallas County, Texas and Plaintiff and the property which is the subject of this suit are located in Dallas County, Texas.

### III. PARTIES

3.      Plaintiff resides in Dallas County, Texas.

4.      Defendant Northfield is in the business of insurance in the State of Texas.  The insurance business done by Northfield in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant, Northfield Insurance Company may be cited with process by *Certified Mail Return Receipt Requested* through the Texas Department of Insurance located at 333 Guadalupe Street, Austin Texas 78714.  The Texas Department of Insurance may forward process via certified mail, return receipt requested to Defendant in c/o its attorney for service, registered agent and/or its company officer.

## IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's property. Plaintiff seeks damages for breach of contract, violations of the Texas Insurance Code, violations of the Deceptive Trade Practices Act, and common law bad faith.  Plaintiff also seeks its attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.

## V. BACKGROUND FACTS

The property is located at 402 East Church Street, Grand Prairie, Texas 75050.  The property is covered by a policy, numbered WS204705 of insurance which Northfield sold to Plaintiff (the "Policy"). The Policy covered the property against loss by hail, wind and water damage, among other perils.

As a consequence of a storm Plaintiff's property sustained extensive damage.

Plaintiff has performed all conditions precedent to recovery under the Policy. Plaintiff gave timely notice to the carrier.

The carrier assigned the claim to an adjusting company, among others, to investigate, report on and adjust the loss.

Defendant has failed and refused to pay Plaintiff in accordance with its promises under the Policy.

Plaintiff has suffered property damage which has not been paid, even though the amounts are well-established and have been provided to Defendant.

Defendant has failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to the Plaintiff under the Policy is without dispute. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(2)(A).

Defendant has failed to explain the reasons for its offer of an inadequate compensation. Defendant has failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy. This conduct violates Tex. Ins. Code Sec. 541.060(a)(3).

Defendant has failed to affirm or deny coverage within a reasonable time. Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant in a timely manner. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(4).

Defendant refused to fully compensate Plaintiff under the terms of the Policy even though Defendant failed to conduct a reasonable investigation. Defendant performed a result-oriented

investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(7).

Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.055.

Defendant failed to accept or deny Plaintiff's full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

Defendant forced Plaintiff to file this suit by offering substantially less than the amount of covered damages. This conduct violates Texas Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

Defendant failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is a violation of Tex. Ins. Code Sec. 542.058.

## VI. CLAIMS AGAINST NORTHFIELD INSURANCE COMPANY

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Defendant and its agents constitute a breach and/or anticipatory breach of Defendant's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of

contract against Defendant pursuant to Texas statutory and common law, including Chapter 38 of

the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including

actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation

expenses and costs of court.

**Violations of the Texas Insurance Code.**  Plaintiff re-alleges the foregoing paragraphs.

At all pertinent times, Defendant was engaged in the business of insurance as defined by the Texas

Insurance Code. The acts and omissions of Defendant and its agents constitute one or more

violations of the Texas Insurance Code.  More specifically, Defendant has, among other violations,

violated the following provisions of the Code:

1.  Insurance Code chapter 542, the Prompt Payment Act.

2.  Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

3.  Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which his liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle his claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by Defendant, Plaintiff reasonably relied upon them.  As a

result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to

Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.  Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Defendant has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

**Violations of the Texas Deceptive Trade Practices Act.**  Plaintiff re-alleges the foregoing paragraphs.  At all times pertinent, Plaintiff were a "consumer" as defined in Section 17.45(4) of the Texas Business and Commerce Code, the Texas Deceptive Trade Practice Act ("DTPA").

Defendant and its agents violated provisions of the DTPA, including the following:

- violations of Texas Insurance Code as set forth above;

- representing that the Policy had benefits which it did not have;

- representing that the Policy conferred or involved rights and remedies that it did not have;

- promulgating and selling a Policy which is essentially worthless, provides little or no coverage, and is illusory;

- misrepresenting the terms of an agreement;

- representing that the Policy had characteristics, standards, or coverage which it did not have;

- failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiff into purchasing the Policy; and/or

- engaging in an unconscionable act or course of action.

The deceptive acts and practices as alleged herein were committed in connection with Plaintiff's purchase of and claim under the Policy. Plaintiff relied on the false, misleading and deceptive acts and practices as above alleged to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiff.  As a result of the foregoing conduct,

Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.

One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiff will seek treble damages pursuant to DTPA Section 17.50(b)(1).

**"<u>Common Law Bad Faith.</u>"**  Plaintiff re-alleges the foregoing paragraphs. Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, Defendant has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff are entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to his property as a result of Defendant's refusal to honor the Policy. Defendant is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

**<u>Attorney's fees.</u>**  Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and have agreed to pay his attorneys a reasonable fee for services expended and to be expended in the prosecution of his claims against Defendant through the trial court and all levels of the appellate process. Plaintiff seeks the recovery of all of his attorney's fees and expenses.

With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

## VII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## VIII. JURY DEMAND

Plaintiff request that a jury be convened to try the factual issues in this action.

## IX. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant provide the information required in a Request for Disclosure.

## X. REQUEST FOR PRODUCTION NORTHFIELD INSURANCE COMPANY

Produce Northfield's complete claim file for Plaintiff's property relating to or arising out of any damage which occurred.

Produce all emails, notes, and other forms of communication between Northfield, its agents, Adjusters, employees, or representatives relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

## XI. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.      The Court's declaration that the Policy provides coverage for the damage to the property, less only a deductible;

B.      Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.      Damages against Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.      Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

E.      Damages against Defendant for other violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

F. Damages against Defendant for violations of the Texas Deceptive Trade Practices Act, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

G. Damages against Defendant for breach of the duty of good faith and fair dealing, including actual damages, consequential damages, punitive damages and pre- and post-judgment interest; and

H.  Plaintiff also seeks all other financial relief and rulings to which they may be legally or equitably entitled.

Respectfully submitted,

MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@gplawfirm.com
JONATHAN C. LISENBY
State Bar No. 24072889
jlisenby@gplawfirm.com
GRAVELY & PEARSON, L.L.P.

425 Soledad, Suite 600
San Antonio, Texas  78205
Telephone:  (210) 472-1111
Facsimile:    (210) 472-1110

**ATTORNEYS FOR PLAINTIFFS**

# Exhibit A-6

FILED
DALLAS COUNTY
6/9/2015 10:26:57 AM
FELICIA PITRE
DISTRICT CLERK

Angie Avina

**Gravely & Pearson, L.L.P**

A T T O R N E Y S   A T   L A W

**MATTHEW R. PEARSON**
Board Certified – Personal Injury Trial Law
Texas Board of Legal Specialization

mpearson@gplawfirm.com

June 9, 2015

Dallas County District Clerk
600 Commerce Street, Suite 103
Dallas, Texas 75202

Re:   Lighthouse Rescue Mission v. Northfield Insurance Company; Cause No.: DC-15-05397, In the District Court, F-116th Judicial District, Dallas County, Texas

Dear Dallas County District Clerk:

Please allow this correspondence to act as Plaintiff's request for the Citation that was issued to Northfield Insurance Company to be reissued.  Please reissued the Citation by issuing to Northfield Insurance Company, whose address is 1 Tower Square, Hartford, CT 06183-0001. Please make sure this address is listed on the citation.

Defendant, Northfield Insurance Company may be cited with process by *Certified Mail Return Receipt Requested* through the Texas Department of Insurance located at 333 Guadalupe Street, Austin Texas 78714.  The Texas Department of Insurance may forward process via certified mail, return receipt requested to Defendant in c/o its attorney for service, registered agent and/or its company officer.

Should you have any questions or concerns, please contact our office.

Sincerely,

*Danielle Motroni*

Danielle Motroni

/dnm

# Exhibit A-7

FELICIA PITRE
DISTRICT CLERK GEORGE ALLEN SR COURTS
103
600 COMMERCE ST
DALLAS, TX 75202-4689



**Return Receipt (Electronic)**

9214 8901 0661 5400 0062 7980 26

**DC155397 SA**
BY SERVING THE COMMISSIONER OF INSURANCE
NORTHFIELD INSURANCE COMPANY
333 GUADALUPE ST
AUSTIN, TX 78701-3938

CUT / FOLD HERE

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

FORM NO. 353-4—CITATION
THE STATE OF TEXAS

CERT MAIL(COI)

CITATION

No.: **DC-15-05397**

**LIGHTHOUSE RESCUE MISSION
VS. NORTHFIELD INSURANCE
COMPANY ET AL**

To:
**NORTHFIELD INSURANCE COMPANY
BY SERVING THE COMMISSIONER OF INSURANCE
333 GUADALUPE
AUSTIN TEXAS 78714-9104**

ISSUED
**ON THIS THE 23RD DAY OF JULY, 2015**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.

Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Dallas, Texas 75202.

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **SACHEEN ANTHONY**, Deputy

Said **PLAINTIFF** being **LIGHTHOUSE RESCUE MISSION**

Filed in said Court 12th day of May, 2015 against
**NORTHFIELD INSURANCE COMPANY**

Attorney for : Plaintiff
**MATTHEW R PEARSON
GRAVELY & PEARSON LLP
425 SOLEDAD SUITE 600
SAN ANTONIO      TX  78205
214.472.1111**

For suit, said suit being numbered   **DC-15-05397**  the nature of which demand is as follows:
Suit On **INSURANCE** etc.
as shown on said petition       , a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 23rd day of July, 2015**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy

**SACHEEN ANTHONY**

AS COUNTY CONSTABLE
FEES NOT PAID
FEES PAID

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Case No. DC-15-05397

Court No: 116th District Court

Style: LIGHTHOUSE RESCUE MISSION
vs. NORTHFIELD INSURANCE COMPANY et al

Received this Citation the _____ day of _____ , 20 ___ at _____ o'clock.  Executed at _____ , within the County of _____ , State of _____ , on the _____ day of _____ , 20 ___ , at _____ o'clock, by delivering to the within named

petition, having first indorsed on same the date of delivery. _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original

-------000000--------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____ , 20 ___ at _____ o'clock ___ .M. Executed at _____ , within the County of _____ , State of _____ , on the _____ day of _____ , 20 ___ , at _____ o'clock _____ .M. by summoning

the within named Corporation, _____ by delivering to _____

President - Vice President - Registered Agent - in person, of the said

_____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

-------000000--------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:       To certify which witness by my hand.

| | |
|---|---|
| For Serving Citation | $ _____ |
| For Mileage | $ _____ |
| For Notary | $ _____ |
| **Total Fees** | $ _____ |

Sheriff _____
County of _____
State of _____
By _____

(Must be verified if served outside the State of Texas)
State of _____
County of _____

Signed and sworn to me by the said _____ before me this _____

day of _____ , 20 ___ , to certify which witness my hand and seal of office.

Seal

_____
State & County of

# Exhibit A-8



116TH DISTRICT COURT
GEORGE ALLEN COURTS BLDG.
600 COMMERCE STREET
DALLAS, TX 75202-4606
214-653-6015

7/29/2015

MATTHEW R PEARSON
(via facsimile 210-472-1110)

Re:
 LIGHTHOUSE RESCUE MISSION
 vs. NORTHFIELD INSURANCE COMPANY et al
DC-15-05397

DISMISSAL HEARING NOTICE

The above case is set for dismissal for want of prosecution 08/25/2015 at 3:00 PM. in the 116th District Court, Dallas County, Texas.

If you have perfected service and no answer has been filed, you must have moved for or have proved up a default judgment on or prior to the above date. Failure to do so prior to dismissal hearing will automatically result in the dismissal of the case on the above date and time and place.

If you have not perfected service on all parties prior to said dismissal date you **MUST APPEAR AT THE DISMISSAL HEARING.** During said hearing you will have the opportunity to show by way of verified motion, good cause for maintaining the case on the docket. At the dismissal hearing the court **SHALL** dismiss for Want of Prosecution unless there is a showing of good cause.

Sincerely

Shirl Townsend,
Coordinator

*SOLO PAGE*

TRANSMISSION VERIFICATION REPORT

|  |  |
|---|---|
| TIME | : 07/29/2015 10:30 |
| NAME | : 116TH DISTRICT COURT |
| FAX | : 2146536755 |
| TEL | : 2146536015 |
| SER.# | : U63315G3J459167 |

|  |  |
|---|---|
| DATE,TIME | 07/29  10:29 |
| FAX NO./NAME | #12104721110968987 |
| DURATION | 00:00:26 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD |

116TH DISTRICT COURT
GEORGE ALLEN COURTS BLDG.
600 COMMERCE STREET
DALLAS, TX 75202-4606
214-653-6015

7/29/2015

MATTHEW R PEARSON
(via facsimile 210-472-1110)

Re:
LIGHTHOUSE RESCUE MISSION
vs. NORTHFIELD INSURANCE COMPANY et al
DC-15-05397

DISMISSAL HEARING NOTICE

The above case is set for dismissal for want of prosecution 08/25/2015 at 3:00 P.M. in the 116th District Court, Dallas County, Texas.

If you have perfected service and no answer has been filed, you must have moved for or have proved up a default judgment on or prior to the above date. Failure to do so prior to dismissal hearing will automatically result in the dismissal of the case on the above date and time and place.

If you have not perfected service on all parties prior to said dismissal date you **MUST APPEAR AT THE DISMISSAL HEARING.** During said hearing you will have the opportunity to show by way of verified motion, good cause for maintaining the case on the docket. At the dismissal hearing the court **SHALL** dismiss for Want of Prosecution unless there is a showing of good cause.

# Exhibit A-9

TEXAS DEPARTMENT OF INSURANCE

**General Counsel Division (113-2A)**
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

CORPORATE LITIGATION
HARTFORD

AUG 0 4 2015

RECEIVED PM

July 31, 2015

**Certified Mail No. 7014 1820 0000 4248 3347**
**Return Receipt Requested**

Brian W. Maclean, President
Northfield Insurance Company
1 Tower Square
Hartford, CT 06183-0001

Re:  Cause No. DC-15-05397; styled *Lighthouse Rescue Mission vs. Northfield Insurance Company;* in the 116th Judicial District Court, Dallas County, Texas

Greetings:

Service of Process has been requested through the Commissioner of Insurance. Enclosed please find citation and Plaintiff's Original Petition in the above-referenced matter. These documents were served upon the Commissioner of Insurance on July 30, 2015.

Sincerely,

Tish Wilhelm

Tish Wilhelm
General Counsel Division
(512) 676-6543

Enclosures

# Exhibit A-10

FILED
DALLAS COUNTY
8/14/2015 9:39:33 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-02787-N   Document 1-1   Filed 08/26/15   Page 45 of 48   PageID 49

CAUSE NO. DC-15-05397

| | | |
|---|---|---|
| LIGHTHOUSE RESCUE MISSION, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 116TH JUDICIAL DISTRICT |
| | § | |
| NORTHFIELD INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT NORTHFIELD INSURANCE COMPANY'S
## ORIGINAL ANSWER

In response to Plaintiff's Original Petition (the "Petition"), Defendant Northfield Insurance Company ("Northfield" or "Defendant") hereby files its Original Answer thereto.

### I.
### GENERAL DENIAL

Defendant denies all and singular the allegations contained in the Petition and demands strict proof thereof.

### II.
### ADDITIONAL DEFENSES

1.      Defendant denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met, and they have not been waived.

2.      Coverage is precluded to the extent that the loss occurred outside the policy period.

3.      Coverage is precluded to the extent the loss was not caused by a "Covered Cause of Loss."

4.      Coverage is precluded to the extent Plaintiff seeks reimbursement for loss or damage on a replacement cost basis.

5.      Plaintiff's claims are barred in whole or in part because the Policy precludes coverage for loss or "damage to the interior of any building or structure, or the property inside the building or structure, caused by rain, snow, sand or dust, whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow, sand or dust enters."

6.      Some or all of Plaintiff's claims may be excluded by breach of policy requirements and/or conditions in the Policy, including the insured's duties in the event of loss or damage, such as the failure to provide prompt notice of the loss or damage and take all reasonable steps to protect Covered Property from further damage.

7.      Plaintiff's claims may be excluded in whole or in part by the Limitations on Coverage for Roof Surfacing endorsement.

8.      To the extent a disagreement exists regarding the amount of loss properly subject to appraisal, the Policy provides that if Northfield and the insured disagree on the amount of loss "either may make written demand for an appraisal of the loss."

9.      Plaintiff's claims are barred in whole or in part because the Policy precludes coverage for "[n]eglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss."

10.      Plaintiff's claims may be barred in whole or in part by the "Fungus", Wet Rot, Dry Rot, And Bacteria exclusion and/or the sublimit for loss or damage by "fungus," wet or dry rot or bacteria.

11.     Plaintiff's claims may be barred in whole or in part by the limitations provided in the Ordinance or Law exclusion.

12.     Plaintiff has failed to mitigate its damages.

13.     Plaintiff's claims are subject to the Windstorm or Hail Fixed Dollar Deductible, as well as the policy limits therein.

14.     All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendant had no control.

15.     Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer, if any, including Northfield.

16.     Plaintiff's claims may be barred in whole or in part by the one satisfaction rule.

17.     The damages sought by Plaintiff may be barred in whole or in part by the Excessive Demand Doctrine.

18.     Plaintiff's exemplary damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant Northfield Insurance Company prays that Plaintiff take nothing by this suit, and that Defendant goes hence and recovers costs on its behalf expended.

Respectfully submitted,


*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
QUILLING, SELANDER, LOWNDS, WINSLETT
& MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**
**NORTHFIELD INSURANCE COMPANY**


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of this pleading has been furnished to counsel of record as provided below, via electronic service, in accordance with the Texas Rules of Civil Procedure, this 14th day of August 2015:


*/s/ Wm. Lance Lewis*
Wm. Lance Lewis / Alissa Puckett